**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 26-6126**

_____

JACK R. WATTS,

        Plaintiff - Appellant,

    v.

CO II CORRECTIONAL OFFICER HARLEY BURKEY, is sued in his individual
capacity,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at
Wheeling.  James P. Mazzone, Magistrate Judge.  (5:23-cv-00264-JPB-JPM)

_____

Submitted:  April 28, 2026                          Decided:  May 1, 2026

_____

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit
Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Jack R. Watts, Appellant Pro Se.  Thomas E. Buck, Benjamin Paul Visnic, BAILEY &
WYANT PLLC, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jack R. Watts seeks to appeal the magistrate judge's order denying his motion to amend his amended 42 U.S.C. § 1983 complaint. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order Watts seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Watts has also filed motions to waive the fees for electronic filing in this court and to appoint counsel. We deny the motions and dismiss the appeal for lack of jurisdiction.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] While this appeal was pending, the district court adopted the magistrate judge's recommendation and granted summary judgment to Defendant on Watts's amended complaint. This procedural posture does not provide us jurisdiction over this appeal because the district court could not have certified the magistrate judge's order denying Watts's motion to amend for immediate appeal pursuant to Fed. R. Civ. P. 54(b). *See Houck v. LifeStore Bank*, 41 F.4th 266, 271 (4th Cir. 2022) (discussing doctrine of cumulative finality). If Watts seeks to challenge the district court's order granting summary judgment to Defendant—or any other interlocutory orders that merge into the final judgment—he may do so by noting an appeal from that order.

2